UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OPAL FINANCIAL GROUP, INC.,<br><br>   Plaintiff,<br>v.<br><br>OPALESQUE, LTD. AND MATTHIAS KNAB,<br><br>   Defendants. | 3:08-cv-01403 (CSH) |

**ORDER**

**HAIGHT, Senior District Judge:**

  This action for trademark infringement and unfair competition is scheduled to begin trial on March 4, 2013. Defendants have filed a motion *in limine* to exclude from evidence at trial "all documents that Plaintiff: (1) failed to adequately identify in the Joint Trial Memorandum; and/or failed to produce during the course of discovery." Notice of Motion [Doc. 114] at 1. Plaintiff resists the motion. Opposing affidavits, exhibits and briefs have been filed and considered. [Docs. 115, 115-1-10, 116, 118, 118-1-8, 119]. The motion is ripe for decision. This Ruling and Order decide it.

  The record makes it plain that Plaintiff and its counsel have failed or refused to make sufficiently detailed identifications of the documents Plaintiff intends to introduce during its case in chief at trial. Of these alternative verbs, "refused" is the less charitable. I do not choose between them. Plaintiff contends that its prior references to exhibits satisfy both the letter and the spirit of Paragraph 11 of the Standing Order Regarding Trial Memoranda in Civil Cases of this Court, which

is included in the Local Rules of Civil Procedure, and the Order of September 25, 2009 [Doc. 78] issued by District Judge Droney (as he then was), at that time the trial judge.  Plaintiff also contends that Defendants have delayed in complaining about any inadequacies.  Plaintiff's constructions of the Orders do not persuade, and Plaintiff's counsel contributed to any delay by repeatedly failing to live up to assurances of more detailed exhibit identification.

This Order ensures that Defendants, Plaintiff, and their respective counsel will be made fully aware of the exhibits any party intends to offer at trial, sufficiently in advance of the trial to prevent any unfairness.  The most efficient way to accomplish this salutary purpose is to replace Judge Droney's Order [Doc. 78] with this one.  An Order excluding documents from being used as evidence at trial is unwarranted at this time, although subsequent events may make such relief appropriate.

In these circumstances, the motion by Defendants to Exclude Documents [Doc. 114] is DENIED on the present record; and it is

ORDERED, as follows:

1.  Copies of the actual exhibits to be offered by all parties must be exchanged between counsel no later than February 1, 2013.

2.  The original sets of all parties' exhibits for the Deputy Clerk and two (2) complete copies of the exhibits (in binders) must be submitted to the Deputy Clerk not later than February 22, 2013.

3.  If the physical characteristics of a particular exhibit preclude its being copied in a manner to comply with Paragraphs 1 and 2 of this Order, such exhibit must be physically produced and displayed by counsel for the proponent of the exhibit to counsel for the adverse party on or before February 1, 2013.  Counsel for the adverse party may photograph the displayed exhibit or take such other trial preparation action as may be reasonable in the circumstances.

      4.  No exhibit will be admissible into evidence at trial unless it is in full compliance with the provisions of this Order.  The Court will exclude at trial any exhibit not in such compliance.

It is SO ORDERED.

Dated: New Haven, Connecticut
       January 14, 2013

      /s/Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge